IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONNA LEE BIGLEGGINS,<br><br>Defendant. | CR 11-102-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Donna Lee Bigleggins (Bigleggins) has been accused of violating the conditions of her supervised release. Bigleggins admitted all of the alleged violations. Bigleggins's supervised release should be revoked. Bigleggins should be placed custody for 7 months, with no supervised release to follow.

## II. Status

Bigleggins pleaded guilty to Conspiracy to Possess Methamphetamine with the Intent to Distribute, Possession with Intent to Distribute Methamphetamine, Distribution of Methamphetamine, and two counts of Distribution of Methamphetamine Near a School, on January 25, 2012. (Doc. 36). The Court sentenced Bigleggins to 64 months of custody, followed by 6 years of supervised

release. (Doc. 64). Bigleggins's current term of supervised release began on July 21, 2019. (Doc. 132 at 2).

**Petition**

The United States Probation Office filed a Petition on October 26, 2022, requesting that the Court revoke Bigleggins's supervised release. (Doc. 132). The Petition alleged that Bigleggins violated the conditions of her supervised release: 1) by committing another crime; 2) by consuming alcohol; 3) by failing to notify her probation officer of a change in residence; 4) by failing to report for substance abuse treatment on two separate occasions; and 5) by failing to report for substance abuse testing on two separate occasions. (Doc. 132 at 3-4).

**Initial appearance**

Bigleggins appeared before the undersigned for her initial appearance on May 16, 2023. Bigleggins was represented by counsel. Bigleggins stated that she had read the petition and that she understood the allegations. Bigleggins waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on May 16, 2023. Bigleggins admitted that she had violated the conditions of his supervised release: 1) by

committing another crime; 2) by consuming alcohol; 3) by failing to notify her probation officer of a change in residence; 4) by failing to report for substance abuse treatment on two separate occasions; and 5) by failing to report for substance abuse testing on two separate occasions. The violations are serious and warrant revocation of Bigleggins's supervised release.

Bigleggins's violations are Grade C violations. Bigleggins's criminal history category is I. Bigleggins's underlying offenses are Class B and Class C felonies. Bigleggins could be incarcerated for up to 36 months. She could be ordered to remain on supervised release for up to 60 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Bigleggins's supervised release should be revoked. Bigleggins should receive a term of custody of 7 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Bigleggins that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Bigleggins of her right to object to these Findings and Recommendations

within 14 days of their issuance. The Court explained to Bigleggins that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Bigleggins stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

The Court **FINDS:**

> That Donna Lee Bigleggins violated the conditions of her supervised release: by committing another crime; by consuming alcohol; by failing to notify her probation officer of a change in residence; by failing to report for substance abuse treatment on two separate occasions; and by failing to report for substance abuse testing on two separate occasions.

The Court **RECOMMENDS:**

> That the District Court should revoke Bigleggins's supervised release and commit Bigleggins to the custody of the United States Bureau of Prisons for 7 months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify,

in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 17th day of May, 2023.

John Johnston
United States Magistrate Judge